{¶ 29} I concur in judgment only, referring to my dissent in In reWiley, 11th Dist. No. 2007-P-0013, 2007-Ohio-7123, wherein I concluded the trial court had not, and did not intend to, make any type of "award" of custody to Jaimie. Therefore, it had only to consider whether it was in the best interest of the child, as required by R.C. 2151.42(A), when determining whether to return Trent to his mother. Id. at ¶ 47. (Cannon, J., dissenting.) *Page 8 
 {¶ 30} As a result of that conclusion, in determining whether a change of circumstances has occurred with the custodial parent, the magistrate's decision, adopted by the trial court, states, "the Magistrate will look back to when there actually had been an award or allocation of legal custody of Trent to Jaimie [his mother]." As such, it was appropriate for the trial court to "look back" to when the parties were divorced; for, in that case, there had been an allocation of parental rights. *Page 1